## GLENN v. KEYES et ux.

No. 6753. Decided December 18, 1944. (154 P. 2d 642.)

See 67 C. J. War, Sec. 9.

*Thatcher & Young,* of Ogden, for appellant.

No appearance for respondent.

WADE, Justice.

Plaintiff below and appellant herein had filed a complaint in unlawful detainer alleging ownership of the

premises; the existence of the relationship of landlord and tenant between himself and defendants on a month to month basis under an oral agreement; the service of written notice to quit the premises more than fifteen days prior to the termination of the monthly period; the refusal of the defendants to quit the premises; the amount of rent due and the amount of damages allegedly due for the unlawful detainer. There can be no doubt that the foregoing allegations were sufficient to state a cause of action under Sec. 104-60-3, U. C. A. 1943, which section deals with the subject of unlawful detainer. However, plaintiff not only alleged the foregoing but also alleged as a right to institute these proceedings that defendants had unreasonably refused plaintiff entry to the premises for the purpose of inspection and had also unreasonably refused to allow prospective purchasers to view said premises and that this was a violation of Sec. 6, Subdivision 2 of the rent regulation for housing accommodations, as promulgated by the Office of Price Administration, Washington, D. C., as revised under date of April 12, 1943.

Defendants entered a general demurrer to the complaint. The court sustained this demurrer on the ground that plaintiff had failed to plead a right to enter the premises for the purpose of inspection or to show to prospective purchasers and therefore the complaint failed to state a cause of action. Upon plaintiff's refusal to plead further a judgment of dismissal was entered.

Appellant assigns as error the court's finding that the complaint did not state a cause of action and entering a judgment of dismissal.

Box Elder County, within which the property sought to be repossessed is situated, has been designated a defense rental area by the Office of Price Administration and residential properties therein are subject to the rules and regulations of that office. Sec. 1388.5056 of the rules and regulations of that office provides:

"Restrictions on Removal of Tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be

removed from any housing accommodation by an action to evict or to recover possession by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired, or otherwise terminated, unless    *    *    *

"(2) The tenant has unreasonably refused the landlord access to the housing accommodations for the purpose of inspection or of showing the accommodations to a prospective purchaser, mortgagee or prospective mortgagee, or other person having a legitimate interest therein, *provided, however, that such refusal shall not be ground for removal or eviction if such inspection or showing of the accommodations is contrary to the provisions of the tenant's lease or other rental* agreement." [Italics ours.]

The lower court reached its conclusion that the complaint failed to state a cause of action because plaintiff failed to affirmatively allege that the rental agreement reserved the right of inspection to the landlord and therefore did not show that subsection 2 quoted above was violated.

It is plaintiff's contention that court erred in interpreting that portion of subsection 2 which we have italicized, to mean that if no reservation was made by the landlord of a right to enter for inspection or for showing the premises to prospective purchasers that this section could not be violated. Plaintiff argues the plain intent of that proviso is that if there is an express provision in the lease or rental agreement to the effect that the landlord may not enter the premises for the purpose of inspection or for showing to prospective purchasers or mortgagees, then a refusal to allow an inspection would not violate subsection 2.

In determining this question, since it involves a construction of a rule of the Office of Price Administration with relation to housing accommodations in areas designated as defense rental areas, we should keep in mind the purpose of these regulations. The purpose is to restrain unnecessary evictions. It is not their purpose to hamper the alienation of property. There is nothing in these rules and regulations which prevents the sale of homes, even where the buyer intends to occupy the premises himself, which would necessarily involve evic-

tion of the tenant. It is apparent the sales of homes would be greatly retarded, if not entirely suspended, if a prospective buyer could not enter at a reasonable time and view the premises. With the purpose of these rules in mind, it is clear that subsection 2 of section 1388.5056 of the Rules and Regulations of the Office of Price Administration with respect to Housing Accommodations contemplates that unless the landlord has expressly agreed with the tenant that he shall not have a right to enter and inspect the premises, he may do so, for the purposes of these rules and regulations, and if the tenant refuses to permit such inspection he violates these rules. The very wording of this regulation, i. e., "that such refusal shall not be ground for removal or eviction if such inspection is contrary to the provisions of the tenant's lease or other rental agreement," indicates that it contemplates actual provisions of a lease or rental agreement as to this right rather than a judicial interpretation of the rights of a tenant in the absence of any express agreement.

It is our opinion that the complaint states a cause of action which is not vulnerable to a general demurrer. If the terms of the agreement are such that the tenant has retained the right to refuse inspection of the premises, that is a matter of defense which should be pleaded by defendants.

We wish it to be clearly understood that it is not to be inferred from anything we have said herein, that we are holding that in order to state a cause of action in unlawful detainer where the premises sought to be repossessed are situated in a defense rental area, that it is necessary to plead facts bringing the plaintiff within the rules and regulations of the administrative body. That question is not before us.

Reversed and remanded to proceed in accordance with this opinion. Costs to appellant.

WOLFE, C. J., and LARSON, McDONOUGH, and TURNER, JJ., concur.